UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| Plaintiff, | ) | |
| -vs- | ) | 03-CV-3273 |
| SURREY VACATION RESORTS, INC., a Missouri corporation. | ) | **FINAL JUDGMENT AND CONSENT DECREE** |
| Defendant. | ) | |

**FINAL JUDGMENT AND CONSENT DECREE**

The plaintiff, THE PEOPLE OF THE STATE OF ILLINOIS, by LISA MADIGAN, Attorney General of the State of Illinois, has filed a complaint for a permanent injunction and other equitable relief in this matter pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.*, ("TCPA"), and the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §6101, *et seq.*, ("Telemarketing Act"), complaining of Defendant Surrey Vacation Resorts, Inc., a Missouri corporation ("SURREY"). The plaintiff, as part of the same case or controversy, also brought this action pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, ("Consumer Fraud Act"), and Attorney General Madigan's common law authority to represent the people of the State of Illinois.

The plaintiff, by its counsel, and SURREY, by its counsel, have agreed to the entry of this Final Judgment and Consent Decree by the Court without trial or adjudication of any issue of fact or law, and without admission of any of the violations of the TCPA or any regulations promulgated pursuant to the TCPA, the Telemarketing Act or any regulations promulgated pursuant to the

Telemarketing Act, or the Consumer Fraud Act alleged in the complaint.

## FINDINGS

1. The plaintiff filed its Complaint for Injunctive and Other Relief in this matter on December 4, 2004.

2. The plaintiff, as *parens patriae*, by and through its attorney, Lisa Madigan, Attorney General, is authorized by 47 U.S.C. §227(f)(1) to file actions in federal district court to enjoin violations of and enforce compliance with the TCPA on behalf of residents of the State of Illinois, and to obtain actual damages or damages of $500 for each violation, and up to treble that amount for each violation committed willfully or knowingly.

3. The plaintiff, as *parens patriae*, by and through its attorney, Lisa Madigan, Attorney General, is authorized by 15 U.S.C. §6103 to file actions in federal district court to enjoin violations of and enforce compliance with the Telemarketing Act on behalf of residents of the State of Illinois, and to obtain damages, restitution, or other compensation on behalf of residents of Illinois, or to obtain such further and other relief as the court may deem appropriate.

4. The plaintiff, by Lisa Madigan Attorney General of the State of Illinois, is charged, *inter alia*, with the enforcement of the Consumer Fraud Act.

5. The terms of this Final Judgment and Consent Decree apply to SURREY, whether acting through a director, officer, agent, servant, employee, or any other representative.

6. SURREY is a corporation organized under the laws of the State of Missouri.

7. SURREY's principal place of business is at 430-C State Highway 165 South, Branson, Missouri 65616.

8. SURREY's registered agent in Illinois is CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

9. C.J. Perme is the president and a director of SURREY.

10. SURREY was served properly with Summons and a copy of the Complaint for Injunctive and Other Relief on December 11, 2003.

11. SURREY is, and, at all times relevant to the Complaint, has been doing business and transacting business as a provider of certain products and services, including, but not limited to, vacation packages, vacation club memberships, and time shares.

12. This court has jurisdiction over the subject matter of the complaint and over SURREY.

13. Venue is proper in this District.

14. The Complaint for Injunctive and Other Relief states a claim upon which relief may be granted against SURREY.

## ORDER

NOW THEREFORE, on the basis of these findings, and for the purpose of effecting this Final Judgment and Consent Decree,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

### Injunction

15. In connection with telemarketing, the defendant hereby permanently is restrained and enjoined from engaging in, or causing other persons to engage in:

    a. Initiating any outbound telephone call to a person's telephone number on the National Do Not Call Registry of persons who do not wish to receive outbound telephone calls to induce the purchase of goods or services unless:

        i. the defendant has obtained the express agreement, in writing, of such person to place calls to that person. Such written agreement shall clearly evidence such consumer's authorization that calls made by or

-3-

        on behalf of the defendant may be placed to that person, and shall include the telephone number to which the calls may be placed and the signature of that person; or

    ii.    the defendant has an established business relationship with such person and that person has not stated that he or she does not wish to receive outbound telephone calls from the defendant. An established business relationship means a relationship between the defendant and a person based on: (a) the person's purchase, rental, or lease of the defendant's goods or services or a financial transaction between the person and the defendant, within the eighteen months immediately preceding the date of the telemarketing call; or (b) the person's inquiry or application regarding a product or service offered by the defendant, within the thirty days immediately preceding the date of a telemarketing call when such telemarketing call is an intrastate call within Illinois, or for all other telemarketing calls, within the three months immediately preceding the date of a telemarketing call; or

b.    Initiating any outbound telephone call to a person when that person has previously stated that he or she does not wish to receive an outbound telephone call made by or on behalf of the defendant;

c.    Engaging in or causing others to engage in causing telephones to ring, or engaging a person in telephone conversation, repeatedly or continuously with intent to annoy, abuse, or harass a person at the called telephone number;

d.    Any other act or practice that, notwithstanding the foregoing, is a violation

of the Telemarketing Sales Rule, 16 C.F.R. Part 310, of the Telephone Consumer Protection Act, 47 U.S.C. §227 (TCPA) or the rules promulgated pursuant to the TCPA by the Federal Communications Commission, or of the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*

16. IT IS FURTHER ORDERED that Paragraph 15 of this Final Judgment and Consent Decree is made in favor of the Federal Trade Commission and the Attorney General of each State (and the officers of such State who are authorized by the State to bring actions under the Telemarketing and Consumer Fraud Abuse and Prevention Act) and that, pursuant to Rule 71 of the Federal Rules of Civil Procedure, such entities may enforce obedience to Paragraph 15 of this Final Judgment and Consent Decree by the same process as if they were parties.

## Payment to State

17. The Court enters a judgment in favor of the plaintiff and against SURREY in the amount of $8,000.00. SURREY shall pay the amount of $8,000.00, as a voluntary contribution to the Attorney General Court Ordered and Voluntary Compliance Payment Projects Fund for Consumer Enforcement and Education and shall be used by the Illinois Attorney General for law enforcement activity and education programs associated with enforcement of the Consumer Fraud Act. Payment of said sum of $8,000.00 shall be in the form of a cashier's check or certified check made payable to the "Attorney General Court Ordered and Voluntary Compliance Payment Projects Fund for Consumer Enforcement and Education" on or before the date this Final Judgment and Consent Decree is entered and shall be mailed or hand-delivered to the attention of Attorney General of Illinois, Consumer Fraud Bureau, 500 South Second Street, Springfield, Illinois 62706.

### Distribution of Order

18. SURREY shall provide a copy of this Final Judgment and Consent Decree and an accurate summary of the material terms of this Final Judgment and Consent Decree to all of those partners, officers, and senior managers who have managerial responsibility for the matters subject to the provisions of this Final Judgment and Consent Decree, or other persons, including without limitation, outside consultants, through whom SURREY may act who have responsibility for the matters subject to this Final Judgment and Consent Decree.

### Compliance

19. For a period of five (5) years from the date of entry of this Final Judgment and Consent Decree, SURREY shall maintain the following records and shall provide the same to the plaintiff within 10 days of the plaintiff's request for the same:

    a. A list of the telephone numbers that SURREY used or uses in telemarketing since entry of this Final Judgment and Consent Decree, including any telephone number programmed to transmit for caller-identification purposes, any telephone number provided to consumers receiving telephone calls, and any telephone number listed in any promotional materials or advertisements to generate calls from consumers;

    b. A list of all Subscription Account Numbers SURREY has used, uses, or has obtained in connection with the Do Not Call Registry since entry of this Final Judgment and Consent Decree; and

    c. A list of all names under which SURREY did or currently does business since entry of this Final Judgment and Consent Decree.

Continuing Jurisdiction

20. Jurisdiction is retained by this court for the purpose of enforcing this Final Judgment and Consent Decree.

APPROVED:

| Plaintiff, THE PEOPLE OF THE STATE OF ILLINOIS, by LISA MADIGAN, Attorney General | Defendant SURREY VACATION RESORTS, INC. |
|---|---|
| By: *Elizabeth A. Blackston* (signature)<br>Elizabeth A. Blackston<br>Assistant Attorney General<br>Consumer Fraud Bureau<br><br>Attorney for Plaintiff | By: *C.J. Perme* (signature)<br>C.J. Perme<br>President<br><br>APPROVED AS TO FORM:<br><br>BLACKWELL SANDERS PEPER MARTIN LLP<br><br>By: *J. Dale Youngs* (signature)<br>J. Dale Youngs<br>Attorneys for Defendant |
| Date: _____ | January 10, 2005 |