E-FILED
Friday, 04 February, 2005  09:35:02 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 03-3273 ) |
| SURREY VACATION RESORTS, INC., | ) ) |
| Defendant. | ) |

**ORDER**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on the parties' proposed Final Judgment and Consent Decree (d/e 11) (Consent Decree). In determining whether to enter a proposed consent order, the court should determine whether the proposed order is lawful, fair, reasonable, and adequate. E.E.O.C. v. Hiram Walker & Sons, Inc., 768 F.2d 884, 889 (7th Cir.1985).

The Consent Decree proposed by the parties in the present case meets this standard. The agreement is consistent with applicable statutes, and the Court finds it to be appropriate under the facts of this particular case. The Consent Decree enjoins activity that is statutorily prohibited, and thus furthers the public good. The Court notes that, in addition to Plaintiff,

the Consent Decree is made in favor of identifiable third-parties as allowed under Fed. R. Civ. P. 71. Significantly, the Consent Decree does not impermissibly dispose of the claims of third-parties, or impose duties or obligations on a third-party without that party's agreement. See <u>United States v. City of Chicago</u>, 978 F.2d 325, 330 (7th Cir. 1992).

Therefore, the Final Judgment and Consent Decree (d/e 11) is ALLOWED. The decree will be entered and effective as of the date of this order.

IT IS THEREFORE SO ORDERED.

ENTER:   February 2, 2005

       FOR THE COURT:

                              s/ Byron G. Cudmore

                              _____
                               BYRON G. CUDMORE
                           UNITED STATE MAGISTRATE JUDGE